# Waldman v. Waldman

C.P. of Lawrence County, no. 293 of 1986, D.R.

*Gordon Fisher,* for plaintiff.
*Joanne Ross Wilder,* for defendant.

PRATT, *J.,* April 4, 1996—Plaintiff Linda Waldman has appealed to the Superior Court of Pennsylvania from this court's December 14, 1995 order denying Mrs. Waldman an award of child support. This opinion shall address plaintiff Linda Waldman's statement of matters complained of on appeal, filed at the request of the court, to satisfy Pa.R.A.P. 1925(a).

## PROCEDURAL HISTORY

This case has suffered a torturous journey from its inception. The record reveals, in part, that, in 1986, plaintiff Linda Waldman filed a support action against her then husband, defendant Bruce Waldman, for the support of herself and their two children. On January 19, 1987, this court entered an order that directed Mr. Waldman to pay to Mrs. Waldman the sum of $2,000 per month for spousal support, $4,000 per month for the support of their two children, and $1,000 per month in arrearages. Upon appeal from this order by Mr. Waldman, the Superior Court modified the order by directing Mr. Waldman to pay an unallocated sum of $5,000 per month for spousal and child support, plus the cost of medical and hospital insurance.

On September 26, 1988, Mr. Waldman filed a petition to modify support order with this court to reduce the amount of support awarded in the January 19, 1987 order, as modified by the Superior Court, based upon his claim, that since the previous support order, he

had been awarded primary physical custody of the children and Mrs. Waldman was employed and able to support herself. After considering the petition, this court found that a material change in circumstances had occurred and entered two orders; the first directed Mr. Waldman to pay $2,000 per month for the support of the two children, plus $1,000 per month in arrearages; the second ordered Mr. Waldman to pay $1,300 per month as alimony pendente lite to Mrs. Waldman. From an appeal of these orders by Mr. Waldman, the Superior Court reversed and remanded this court's child support order based upon the appellate court's findings that this court's child support order was unsupported by the record and constituted an abuse of discretion.

Upon remand and stipulation of the parties, this court determined the remanded issues based upon the existing record. By its February 21, 1992 order, this court found that the reasonable financial needs of the children while residing with Mrs. Waldman were $1,435 per month plus medical and dental expenses and ordered Mr. Waldman accordingly.

Again, Mr. Waldman appealed to the Superior Court, which reversed the February 21, 1992 order, finding that there was insufficient evidence to sustain this court's award of child support. In remanding the case, the Superior Court in its order and opinion of April 21, 1993 directed this court as follows:

"On remand, we direct the trial court to re-examine its determination of child support. We specifically hold that the court should not award child support to the non-custodial parent for weekend and holiday visits during the school year. The court may consider, however, a modest award of child support for the summer months when appellee-mother has custody of the children for an extended period of time. In addition we point out

that the custodial parent, appellant-father, has not *sought* child support from appellee-mother." *Waldman v. Waldman,* 430 Pa. Super. 660, 630 A.2d 472 (1993). (Memorandum at 6-7.)

In response thereto, this court conducted de novo hearings on September 28, 1993 and October 24, 1994 to determine the number of days that the children were in the physical custody of Mrs. Waldman during the summer months for the years 1989 through 1993. On November 16, 1994, the court entered an order which provided that for the five years from 1989 to 1993, Mr. Waldman was to pay Mrs. Waldman $13,024, as child support for the two children. Additionally, the court directed future support payments by Mr. Waldman for the minor child, Andrew, when in the custody of Mrs. Waldman, in the amount of $31 per day. Mr. Waldman was also directed to provide health insurance for both children and to pay all of their unreimbursed medical expenses.

Once again, Mr. Waldman appealed to the Superior Court from this order. (Pursuant to Mr. Waldman's filing of his "proposed findings of fact and conclusions of law" with this court on January 25, 1995, this court entered an amended support order on January 27, 1995 remedying errors in the November 16, 1994 order of support. However, as pointed out in the Superior Court's August 28, 1995 opinion, at the time this court entered its January 27, 1995 amended order, jurisdiction was vested in the Superior Court; therefore, the amended order was a nullity.)

By opinion dated August 28, 1995, the Superior Court reversed this court's November 16, 1994 order and remanded the case stating that, generally, the non-custodial parent is not entitled to separate support for periods of visitation by the children, except in unusual cir-

cumstances. The Superior Court also stated that, in its prior opinion in this case, it had permitted the trial court to make a "modest award of child support for the summer months when appellee-mother has custody for an extended period of time." However, the Superior Court went on to conclude that the record did not support the trial court's award of child support to Mrs. Waldman for the time that the children had spent with her during summer vacations. No. 2155 Pittsburgh 1994. (Memorandum at 7.) The Superior Court added that the trial court had "erred by incorrectly calculating the parties' respective incomes; by directing Mr. Waldman to provide health insurance and pay unreimbursed medical expenses for Mr. Waldman's emancipated son, Todd; and by incorrectly calculating the number of days that the children had been in their mother's custody." *(Id.* at 8.)

Based upon the directive in the Superior Court's August 28, 1995 opinion, this court entered its December 14, 1995 order denying an award of child support to the plaintiff, Linda Waldman.

It is from this order that Mrs. Waldman has filed her current appeal to the Superior Court.

## DISCUSSION

In Mrs. Waldman's statement of matters complained of on appeal, she alleges that this court's December 14, 1995 order denying child support for the children for the period of time from 1989 and all subsequent years fails to take into consideration:

"(1) the extended periods of time that the child, Todd, was in her custody in 1989 and subsequent years prior to his attaining majority.

"(2) the extended periods of time that the child, Andrew, was in her custody in 1989 and subsequent years.

"(3) that the child, Andrew, has continually spent approximately one-half of his time with her in 1989 and subsequent years.

"(4) that the child, Todd, has spent approximately one-half of his time with her in 1989 and certain subsequent periods prior to attaining his majority.

"(5) that Mrs. Waldman has provided a broad range of necessaries for the children in 1989 and subsequent years.

"(6) that the Superior Court directed this court to award a modest amount of child support to Mrs. Waldman."

Although the Superior Court indicated in its 1993 opinion and order in this matter that this court *may* consider a modest award of child support for the summer months when Mrs. Waldman has custody of the children for an extended period of time, the Superior Court, in its August 28, 1995 opinion and order in this case, indicated that the applicable rule is the general rule promulgated by the support guidelines that the non-custodial parent is not entitled to separate support for periods of visitation by the children except in unusual circumstances. The court cited Pa.R.C.P. 1910.16-5(m) regarding direct contributions of the non-custodial parent, which states:

"The support guidelines contemplate that the non-custodial parent has regular contact, including vacation time with his or her children, and that he or she makes direct expenditures on behalf of the children. Thus, a non-custodial parent's support obligation should be reduced only if that parent spends an unusual amount of time with the children."

The Superior Court also pointed out that the guidelines contemplate that the non-custodial parent will make contributions through periodic support payments, in addition to any direct expenditures on the child's behalf. Pa.R.C.P. 1910.16-5; explanatory comment, 1993 (B)(2).

In the instant case, certain findings are relevant in making a determination as to whether Mrs. Waldman, as the non-custodial parent, should be granted an award of child support.

In its December 14, 1995 order denying child support to Mrs. Waldman, this court relied upon the testimony of Mr. Waldman at the October 24, 1994 hearing for purposes of calculating the amount of time that Mrs. Waldman had spent with the children in the summer months for the years 1989 through 1994. Mr. Waldman's testimony revealed that Todd and Andrew, spent the following amounts of time with Mrs. Waldman in the summer months: Todd and Andrew, 56 days in 1989; Todd, 55 days in 1990; Andrew, 58 days in 1990; Todd, five to six days in 1991; Andrew, 53 days in 1991; Todd, seven to nine days in 1992; Andrew, 55 days in 1991; Todd, seven to nine days in 1993; Andrew, 53 days in 1993; Todd, no time in 1994; and Andrew, 52 days in 1994. (Hearing transcript from October 24, 1994 pp. 3-25.)

Additionally, as pointed out by the Superior Court on more than one occasion in this case, Mr. Waldman, the custodial parent, provides for the children's financial needs during the majority of the year, without any financial contributions from Mrs. Waldman, to which Mr. Waldman and the children are entitled. Additionally, the amount of time that the children have spent with Mrs. Waldman does not amount to an unusual amount of time.

We note, parenthetically, in completing our discussion but prior to making our conclusions, that the Superior Court in its April 1993 opinion directed that the plaintiff was not entitled to any child support on weekends and holidays during the academic year and only a modest award of child support during the summer months when she has custody of the children for an extended period of time. Yet, the court provided no guidelines in determining a "modest award" and an "extended period of time."

Further, we find that the 1993 and 1995 Superior Court opinions in this case reflect that court's sentiment that child support should not be awarded to plaintiff Linda Waldman in light of the record established in this case.

## CONCLUSIONS

The court concludes as follows:

(1) Mrs. Waldman is the non-custodial parent.

(2) Mr. Waldman is the custodial parent and does not receive any child support from Mrs. Waldman.

(3) The support guidelines contemplate that the non-custodial parent will make direct expenditures on behalf of the children when they are visiting with her, and the non-custodial parent's support will be reduced only in unusual circumstances (assuming a support order has been previously entered against the non-custodial parent).

(4) The support guidelines also contemplate that the non-custodial parent will make contributions through periodic support payments, in addition to any direct expenditures on the children's behalf.

(5) The amount of time that the children were in the custody of Mrs. Waldman does not equate to an

unusual amount of time and, therefore, does not establish unusual circumstances to warrant an award of child support to the non-custodial parent, Linda Waldman.

(6) Hence, plaintiff Linda Waldman is not entitled to an award of child support for the children for the year 1989 and all subsequent years.

## ORDER

The court directs the director of the Domestic Relations Section to file the attached opinion and immediately transmit the record to the Superior Court.